LONNIE L. PRITCHARD AND MADORA L. PRITCHARD v. SNUG HARBOR
PROPERTY OWNERS ASSOCIATION

No. 831DC413

(Filed 5 June 1984)

**Deeds § 20— assessment covenants—unenforceable**

 The trial court properly granted plaintiffs' motion for summary judgment
in an action brought to enjoin defendants from interfering with their use of a
subdivision's recreational facilities where a previous Court of Appeals decision
had found the identical restrictive covenants and bylaw provisions unen-
forceable due to vagueness. *Snug Harbor Property Owners Association v. Cur-
ran*, 55 N.C. App. 199 (1982).

APPEAL by defendant from *Parker, Judge.* Judgment entered
16 November 1982 in District Court, PERQUIMANS County. Heard
in the Court of Appeals 7 March 1984.

Plaintiffs own Lot 3 in Section G of Snug Harbor Beach Sub-
division, which they purchased from Yeopim Beach Corporation
(YBC) in 1973 subject to certain restrictive covenants. One such
covenant required lot owners to pay $18 a year to YBC or its suc-
cessor in interest for "the maintenance and improvement of Snug
Harbor Beach and its appearance, sanitation, easements, recrea-
tion areas and parks." The recreation areas in the subdivision in-
clude a swimming pool, tennis courts, clubhouse, sandy beach and
park. YBC's interest in the development was later acquired by
defendant association and its bylaws, phrased similarly to the
restrictive covenants, also required lot owners to pay the annual
$18 assessment. In 1975, under a bylaws provision authorizing
amendments, defendant increased the annual assessment from $18
to $35, but the restrictive covenants have not been altered. In
May of 1980, plaintiffs refused to pay the assessment of $35, but
offered to pay $18, which defendant would not accept. Upon
defendant forbidding them to use the recreational facilities, plain-
tiffs sued to enjoin defendant from interfering with their use,
alleging that the amended dues increase was unauthorized and in-
effective. By its answer, defendant claimed that the dues increase
was both authorized and enforceable because of provisions in the
restrictive covenants and bylaws, both as originally adopted and
as later amended, and copies of these instruments were attached
thereto as exhibits.

By stipulation, the trial was continued until the related case of *Snug Harbor Property Owners Association v. Curran,* 55 N.C. App. 199, 284 S.E. 2d 752 (1981), *rev. denied,* 305 N.C. 302, 291 S.E. 2d 151 (1982) was concluded. In that case and its companions, based on the identical restrictive covenants and bylaw provisions that are involved in this case, defendant sued various subdivision lot owners to collect annual assessments of $35 each allegedly past due, but the final decision was that the restrictive covenants and bylaws relied upon are unenforceable because they are too vague.

Plaintiffs then moved for summary judgment. Following a hearing thereon, the motion was granted and defendant was enjoined and restrained from prohibiting the plaintiffs from using the subdivision recreational facilities.

*No brief filed for plaintiff appellees.*

*William J. Bentley, Sr. and Paul W. White, for defendant appellant.*

PHILLIPS, Judge.

The only question raised by this lawsuit is defendant's right to prevent plaintiff lot owners from using the Snug Harbor Subdivision recreational facilities because of their refusal to pay the increased annual assessments of $35 as required by defendant's amended bylaws. Since a panel of this Court has already adjudged that defendant's amended bylaws in regard to assessments are unenforceable, it necessarily follows that defendant had no legal right under them to either collect the $35 or prevent plaintiffs from using the facilities, and that the injunction against defendant was properly entered. Defendant's contention that the court erred in refusing to accept its proof that plaintiffs approved the bylaws amendment and paid the increased amount for three or four years is not only without merit, it is irrelevant. In the previous case, which obviously controls this one, the assessments levied by defendant were adjudged to be uncollectable, not because of their amount or the invalidity of the amendment that increased them, but because the use that the money was to be put to was too vaguely and indefinitely described in the restrictive covenants, bylaws, amended bylaws, and association charter. Since these indefinite provisions, which have not been changed,

are too vague to support an express contract, as this Court held, they can hardly be enforceable under any other theory, legal or equitable. Thus, whether the plaintiffs approved the increase or voluntarily paid it for a time is beside the point—which is that, in the setting that now exists, they cannot be made to pay it. For us to enforce the arrangement under any theory, we would have to first render it more definite than the parties saw fit to do, and that is not our function.

Affirmed.

Chief Judge VAUGHN and Judge HILL concur.